File Name: 08a0626n.06
Filed: October 16, 2008

NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

No. 07-6405

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

RAMONA HILLMAN,

      Plaintiff-Appellant,

v.

SHELBY COUNTY GOVERNMENT,

      Defendant-Appellee.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE WESTERN
DISTRICT OF TENNESSEE

_____/

Before:      MARTIN, DAUGHTREY, and KETHLEDGE, Circuit Judges.

      **BOYCE F. MARTIN, JR., Circuit Judge.** Plaintiff Ramona Hillman appeals the district

court's sua sponte dismissal of her claims against her former employer, Shelby County Government.

Hillman alleges retaliation in violation of Title VII of the Civil Rights Act of 1964. 42 U.S.C. §

2000e. The district court dismissed her claim after determining that they were barred by issue

preclusion because a state agency had previously ruled on it in a quasi-judicial capacity. We disagree.

In *University of Tennessee v. Elliott*, 478 U.S. 788 (1986), the Supreme Court held that unreviewed

(in the sense that no state court has reviewed them) administrative findings do not preclude a

subsequent Title VII action. *Id.* at 795-96. Because the agency determination here was not reviewed

by any state court, we reverse and remand for further proceedings.

I.

Ramona Hillman was a corrections officer at the Shelby County Corrections Center, which is owned and operated by Shelby County, Tennessee.  Shelby County fired her in June 2004 following an investigation into allegations of misconduct. It gave her a hearing, and the hearing officer recommended termination. Her discharge was upheld internally, and Hillman appealed to the Shelby County Civil Service Merit Review Board.  The board's three person panel also upheld her firing.

Shortly before the Board's hearing, Hillman filed a charge of discrimination with the EEOC, alleging retaliation.  In October 2004, the EEOC issued its Notice of Suit Rights and Hillman filed her suit the following January. The district court set a trial date, but during the pretrial conference in September 2007, it observed that, although Shelby County had raised the issue of failure to exhaust administrative remedies in its answer, it had never moved for dismissal on that ground.  The court removed the trial from the calender and told counsel to submit briefs on the exhaustion question.  Shelby County, however, did not brief the exhaustion question and instead set forth a new ground for dismissal: issue preclusion. The district court then instructed Hillman to brief that issue and Shelby County to brief the exhaustion question.  The district court then dismissed Hillman's claim on issue preclusion grounds, ruling that it was precluded because the issues had already been addressed by a state agency, the Civil Service Merit Review Board, whose judgment was entitled to full faith and credit in federal court.

II.

As observed above, because of this case's unique procedural posture, we construe it as one where the district court entered summary judgment sua sponte. Thus, we "review[] to determine if

the court abused its discretion by entering the judgment on its own motion." *Sommer v. Davis*, 317

F.3d 868, 696 (6th Cir. 2003) ("Factors to consider in making this determination include whether

the parties who would oppose such a judgment had notice that judgment could be granted against

them and whether they had a facially meritorious defense to the judgment."). Nevertheless, "[l]egal

determinations . . . will always be reviewed de novo." *K&T Enterprises v. Zurich Ins. Co.*, 97 F.3d

171, 176-77 (6th Cir. 1996).

III.

This case presents the question whether a federal court may give an unreviewed state agency

decision preclusive effect to bar a Title VII claim. The district court relied upon *University of

Tennessee v. Elliott*, 478 U.S. 788 (1986), to hold that Hillman's claim was precluded because the

issues had already been heard by a state agency acting in quasi-judicial capacity. Unfortunately, the

lawyers failed to point out that *Elliott* stands for an entirely contrary proposition. So we must reverse.

Federal claims that attempt to relitigate issues already heard in a state court (or reviewed by

a state appellate court) are barred in federal court by issue preclusion doctrine via the Full Faith and

Credit statute, 28 U.S.C. § 1738, which extends the principles embodied in the Full Faith and Credit

Clause of the U.S. Constitution. In *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461 (1982), the

Supreme Court held that a plaintiff's Title VII claim was precluded under § 1738 because (a) he had

already lost before the state agency responsible for hearing his claims and (b) a state appellate court

affirmed that decision. *Id.*  In a footnote, however, the Court stated that the outcome would likely

have been different had there been no state court review:

> EEOC review of discrimination charges previously rejected by state agencies would

> be pointless if the federal courts were bound by such decisions . . . . Since it is settled that decisions by the EEOC do not preclude a trial de novo in federal court, it is clear that unreviewed administrative determinations by state agencies also should not preclude such review even if such a decision were to be afforded preclusive effect in a State's own courts.

*Id.* at 470, n.7.

In *Elliott*, the Supreme Court directly addressed the situation contemplated in the *Kremer* footnote. There, an employee, threatened with discharge, sought a state administrative hearing, alleging that his discharge was racially motivated. An administrative law judge determinated that there was no evidence of prejudice.  Elliott did not seek review of that decision in state court, and instead pursued Title VII and  § 1983 claims in federal court. The defendant moved for summary judgment, claiming that the ALJ's determination was entitled to preclusive effect. The district court agreed.  This Court reversed on appeal, concluding that neither of his claims were precluded by the unreviewed administrative decision.

The Supreme Court affirmed in part and reversed in part. The Court stated that the Full Faith and Credit statute, § 1738, "governs the preclusive effect to be given the judgments and records of state *courts*, and is *not* applicable [to] unreviewed state administrative fact-finding." *Elliott*, 478 U.S. at 794 (emphasis added).  Because the clause and statute did not control the case, the Court "look[ed] to the policies underlying the Clause in fashioning" a "federal common-law rule[] of preclusion." *Id.* at 799.  The Court held that, generally, as a matter of federal common law, unreviewed administrative agency fact-finding must be given "the same preclusive effect to which it would be entitled in the state courts." *Id.*  As a result, Elliott's § 1983 claim was precluded by the prior agency decision.

This is the part of *Elliott* that Shelby County quotes to justify dismissing Hillman's claims. Yet this ignores *Elliott*'s other holding: although federal common law indicates that state agency determinations may be given preclusive effect for some civil rights claims (like § 1983), the Court also held that Congress did not intend that logic to apply to Title VII claims. Citing the *Kremer* footnote, the Court reasoned that because Congress directed the EEOC to give "substantial weight to final findings and orders made by State or local authorities in proceedings commenced under State or local [employment discrimination] law," 42 U.S.C. § 2000e-5(b), "it would make little sense for Congress to write such a provision if state agency findings were entitled to preclusive effect in Title VII actions in federal court." *Elliott*, 478 U.S. at 795. Thus "Congress did not intend unreviewed state administrative proceedings to have preclusive effect on Title VII claims." *Id.* at 796. This remains good law today.

Indeed, "[f]ollowing *Elliott*, circuit courts have uniformly held that unreviewed administrative agency findings can never be afforded preclusive effect in a subsequent Title VII action." *Rao v. County of Fairfax Virginia*, 108 F.3d 42 (4th Cir. 1997) (collecting cases). The Ninth Circuit has explained it well: "The clear teaching of *Elliott* is that in a Title VII action a prior state decision enjoys issue preclusive effect only if rendered or reviewed by a court . . . . In contrast, unreviewed administrative determinations lack preclusive effect in a subsequent Title VII action, regardless of any preclusive effect state law might accord to them." *McInnes v. California*, 943 F.2d 1088, 1093-94 (9th Cir. 1991). And the law of this Circuit is in line with this reading of *Elliott*. *See e.g., Zanders v. National R.R. Pass. Corp.*, 898 F.2d 1127, 1130 (6th Cir. 1990) ("Under the Supreme Court's interpretation of 28 U.S.C. § 1738, unreviewed state administrative proceedings

are not entitled to full faith and credit by federal courts and thus have no preclusive effect upon subsequent Title VII litigation in the federal courts.").

So the current state of the law of the preclusive effect of administrative decisions on federal civil rights claims can be summarized by three propositions. First, state agency determinations that have been reviewed by a state court are entitled to statutory full faith and credit. 28 U.S.C. § 1738; *Kremer*, 456 U.S. at 465. Second, as a matter of federal common law, a federal court may give preclusive effect to the determination of an unreviewed state agency determination, if a state court would similarly give the agency determination preclusive effect. *Elliott*, 478 U.S. at 799. And third, because the law of preclusion is one of common law, Congress may direct that certain claims–like Title VII claims–will not be precluded by unreviewed agency determinations. *Id.* at 796. Because Hillman's Title VII claim clearly falls into this third category, it was not precluded.

IV.

For the foregoing reasons, we REVERSE the district court's dismissal of Hillman's Title VII claim and REMAND for further proceedings.